# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| MAX EICHENBLATT, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>　vs.<br><br>NELNET SERVICING, LLC,<br><br>　　　　Defendant. | CASE NO. |

## DEFENDANT, NELNET'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Nelnet Servicing, LLC ("Nelnet"), hereby remove this action from the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2022-CA-008239-O to the United States District Court for the Middle District of Florida. Removal is proper because this Court has diversity jurisdiction and jurisdiction under the Class Action Fairness Act ("CAFA").

In further support of removal, Nelnet states as follows:

## I.　　BACKGROUND

1. On September 7, 2022, Plaintiff Max Eichenblatt filed his Class Action Complaint in the Ninth Judicial District.  A copy of the Complaint is attached as Exhibit A. to this Notice.

2. According to the Complaint, Plaintiff is a citizen of Florida. *See* Exhibit A, ¶ 18.

3. Nelnet is a Nebraska LLC with its principal place of business in Lincoln, Nebraska. *Id.* at ¶ 19.

4. In the Complaint, Plaintiff alleges that the action arises out of an alleged data breach occurring on or about July 21, 2022 involving the Personally Identifiable Information for over 2.5 million individuals. *Id.* at ¶¶ 1, 6.

5. The Complaint further alleges that Nelnet failed "to properly secure and safeguard the private and sensitive information it collected, maintained, stored, analyzed, and used to provide its services." *Id.* at ¶ 1.

6. Plaintiff asserts causes of action for (1) negligence, (2) breach of contract, (3) unjust enrichment, and (4) violation of the Florida Deceptive and Unfair Practices Act.

7. Nelnet was served with the Complaint on September 13, 2022 and this Notice of Removal is timely filed within 30 days of service of the Complaint.

8. Nelnet has not yet filed a responsive pleading or otherwise responded to the Complaint in the state court action.

9. Pursuant to 28 U.S.C. § 1446 and Local Rule 1.06(b), Nelnet attaches to this Notice of Removal a legible copy of the state court docket and of process,

pleadings, motions, and other papers or exhibits, presently on file in the state court. *See* Composite Exhibit B attached hereto.

## II. REMOVAL PURSUANT TO 28 U.S.C. § 1332(a)

10. Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 where there is complete diversity of citizenship between a plaintiff and a defendant, and the amount in controversy exceeds $75,000.

11. Here, Plaintiff is a citizen of Florida and Nelnet is a citizen of Nebraska. Accordingly, complete diversity exists under 28 U.S.C. § 1332(a)(1).

12. The amount in controversy is not a statement of how much a plaintiff is likely to recover, nor proof of the amount the plaintiff *will* recover. *Gauthier v. Target Corp.*, No. 3:17-cv-1188-J-32MCR, 2018 U.S. Dist. LEXIS 11075, at *3 (M.D. Fla. Jan. 24, 2018). Rather, it is an estimate of the amount that will be put at issue in the course of the litigation. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("at the jurisdictional stage, the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.") (internal quotations omitted).

13. A statement of the amount in controversy in a Notice of Removal should be accepted when not contested by the parties or questioned by the Court. "In other words, all that is required is a short and plain statement of the grounds for removal, including a plausible allegation that the amount in controversy exceeds the

jurisdictional threshold. That is the end of the matter, unless the plaintiff contests, or the court questions, the defendant's allegation." *Dudley*, at 912.

14. Given the nature of Plaintiff's allegations, the size of the putative class and the relief sought including declaratory and other equitable relief, injunctive relief, compensatory damages including pre-and post-judgment interest therein, restitution and general damages, and an award of attorney's fees and costs;[1] and particularly because the Complaint contains no limit on the damages sought, there can be no doubt that Plaintiff seeks damages in excess of $75,000.

15. Accordingly, the amount in controversy for removal under 28 U.S.C. § 1332, has been satisfied.

## III. REMOVAL PURSUANT TO THE CLASS ACTION FAIRNESS ACT

16. Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because this matter involves a putative class action, and (1) a member of the class of plaintiffs is a citizen of a state different from Nelnet ("minimum diversity"); (2) the number of proposed class members is 100 or more; and (3) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6); *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1266 (11th Cir. 2022).

---

[1] *See* Exhibit A, at p. 30.

17. The removing defendant has the burden of establishing the requirements of CAFA jurisdiction, although it only needs to provide a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)).

18. First, Plaintiff seeks to certify a class "number[ing] in the tens or hundreds of thousands." *See* Exhibit A, ¶ 80. Thus, this exceeds the threshold of proposed class members of 100 or more as required by CAFA.

19. Second, Plaintiff is a citizen of Florida and Nelnet is a citizen of Nebraska. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A) because at least one class member is diverse from the Defendant.

20. Further, while the class of individuals this Plaintiff seeks to represent at this time constitutes only Florida residents, the class of individuals in the larger putative class affected by the Data Breach reside across the country, and Nelnet asserts that more than two-thirds of the larger putative class reside outside Florida.[2]

21. Third, Plaintiffs seeks declaratory and other equitable relief, injunctive relief, compensatory damages including pre-and post-judgment interest therein, restitution and general damages, and an award of attorney's fees and costs. *See* Exhibit A, at p. 30.

---

[2] Upon removal of this action, Plaintiffs have agreed to the voluntary transfer to the District of Nebraska where a large number of related cases have already been filed and out of one of these cases a Motion for Multi District Litigation has been filed and is pending. *See* MDL No. 3053.

22. "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee,* 574 U.S. at 87.

23. Given the size of the putative class and the damages sought, the amount in controversy exceeds $5 million in the aggregate, exclusive of interests and costs, especially considering that Florida precedent allows for the possibility of the award of "nominal" damages per potential class member. *See e.g. Greater Coral Springs Realty, Inc. v. Century 21 Real Estate of Southern Florida, Inc.* 412 So. 2d 940 (Fla. 3d DCA 1982) (approving a $1,000 dollar nominal damages award).

IV. **VENUE AND NOTICE**

24. Removal to this Court is proper because it is the "district…embracing the place" in which the state court action is pending. 28 U.S.C. § 1441(a).

25. Upon filing this Notice of Removal in this Court, Nelnet will provide written notice of the filing of the Notice of Removal to the Plaintiff and the Circuit Court of Orange County.

26. The undersigned counsel is licensed in the State of Florida, is a member in good standing of the Bar of this Court and is authorized by Nelnet to file this Notice of Removal.

WHEREFORE, Defendant Nelnet hereby remove this civil action to this Court on the basis of diversity jurisdiction and this Court's original jurisdiction over this Acton under the Class Action Fairness Act.

Dated:  October 3, 2022                Respectfully Submitted,

/s/ Sarah A. Long
FRANCIS M. MCDONALD, JR., ESQ.
Florida Bar No. 0327093
SARAH A. LONG, ESQ.
Florida Bar No. 0080543
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
fmcdonald@mtwlegal.com
slong@mtwlegal.com

Counsel for Defendant,
Nelnet Servicing, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2022, the foregoing was electronically filed the with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail address denoted on the electronic Mail Notice List.

Edmund A. Normand, Esquire
Florida Bar No. 865590

Joshua R. Jacobson, Esquire
Florida Bar No. 1002264
**NORMAND, PLLC**
3165 McCrory Place, Suite 175
Orlando, FL  32803
Telephone Number:  407-603-6031
Emails:
ed@ednormand.com
jjacobson@normandplle.com
ean@normandpllc.com
Counsel for Plaintiff and the Proposed Class

*/s/ Sarah A. Long*
FRANCIS M. MCDONALD, JR., ESQ.
Florida Bar No. 0327093
SARAH A. LONG, ESQ.
Florida Bar No. 0080543
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
fmcdonald@mtwlegal.com
slong@mtwlegal.com

Counsel for Defendant,
Nelnet Servicing, LLC